**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO. _____

DROGUERIA BETANCES, LLC,

        Plaintiff,

v.

BRAUSA DENTAL LLC,

        Defendant.

_____/

## **COMPLAINT**

**COMES NOW**, DROGUERIA BETANCES, LLC ("Plaintiff" or "DROGUERIA BETANCES"), represented by the undersigned counsel, and brings this Complaint against Defendant BRAUSA DENTAL LLC ("Defendant" or "BRAUSA"), and in support thereof CLAIMS, ALLEGES, and PRAYS as follows:

## **PARTIES**

1.    Plaintiff, DROGUERIA BETANCES, LLC ("DROGUERIA BETANCES"), is a for profit limited liability company, organized and operating under the laws of the Commonwealth of Puerto Rico, with principal offices in Avenida Luis Muñoz Marin, Esq. Troche, Final Barrio Tomas de Castro, Caguas, PR 00725.

2.      Defendant, BRAUSA DENTAL LLC ("BRAUSA"), is a Florida limited liability company with a principal address at 5511 W Irlo Bronson Memorial Hwy, Kissimmee, FL 34746.

## JURISDICTION AND VENUE

3.      Plaintiff invokes the diversity jurisdiction of this Court pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different States (and territories of the United States) and the subject matter in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Defendant, BRAUSA, is subject to personal jurisdiction in accordance with Florida Statutes §48.193 by virtue of being a Florida entity operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state at all relevant times.

5.      Venue is proper in the Orlando Division of the Middle District of Florida pursuant to 28 U.S.C. §1391 because Defendant BRAUSA is a limited liability company based in and/or operating out of the State of Florida and maintains its principal place of business in the State of Florida, particularly within the area covered by the Middle District of Florida and its Orlando Division.

## FACTS IN SUPPORT OF CLAIMS

6.      The facts of this case involve two separate agreements between the parties for the delivery of face masks in the wake of the COVID-19 outbreak.

7.  DROGUERIA BETANCES is an enterprise with over 55 years of experience in the pharmaceutical and beauty industries in the Commonwealth of Puerto Rico. Currently, among other ancillary services and products, DROGUERIA BETANCES is in the business of distributing pharmaceutical, beauty, and health products to hundreds of community pharmacies and hospitals in Puerto Rico and the Caribbean.

8.     In or about the month of March of 2020, COVID-19 was declared a global pandemic by the World Health Organization.  The U.S. Center for Disease and Control Prevention recommended the use of face masks to avoid the propagation of the virus.

9.     As a result, DROGUERIA BETANCES immediately began its search for possible providers of surgical masks to be imported into Puerto Rico and distributed among pharmacies and hospitals, as well as to other identified buyers on the island.

10.     BRAUSA, represented by its officers, representatives, agents and/or employees, Fabio Luiz Pacheco Jodas and Waleska Alamo, portrayed itself to DROGUERIA BETANCES as an experienced provider of personal protective equipment.

11.     DROGUERIA BETANCES is a merchant by virtue of the business it conducts.

3

12.     BRAUSA is a merchant by virtue of the business it conducts.

13.     On or about, March 20, 2020, BRAUSA offered to sell and deliver fifty thousand (50,000) N95 face masks to DROGUERIA BETANCES for a total purchase price of one hundred and thirty-five thousand dollars ($135,000.00) ($2.70 per unit). (the "First Order").

14.     Based on BRAUSA's quote and offer, DROGUERIA BETANCES was required to pay half of the total price ($67,500.00) the moment the order was placed and the other half ($67,500.00) once this First Order of masks was shipped. *See attached as Exhibit "A".*

15.     DROGUERIA BETANCES relied upon BRAUSA's representation of its stature as a personal protective equipment provider and its ability to sell and deliver the 300,000 N95 face masks within the agreed upon time and terms and decided to move forward on said offer.

16.     This First Order was to arrive in Puerto Rico from Texas one week after the initial deposit had been paid.

17.     Accordingly, on March 23, 2020, DROGUERIA BETANCES made its first payment of sixty-seven thousand five hundred dollars ($67,500.00) shortly after placing the order.  Thus, the First Order of fifty thousand (50,000) face masks was to arrive on or before March 30, 2020. *See wire transfer confirmation attached as Exhibit "B".*

4

18.     The following day, March 24, 2020, DROGUERIA BETANCES placed a Second Order for two hundred and fifty thousand (250,000) N95 face masks for a total purchase price of six hundred and seventy-five thousand dollars ($675,000.00) ($2.70 per unit), ("Second Order").   DROGUERIA BETANCES received a receipt for this Second Order on the same day that the order was placed. *See attached as Exhibit "C".[1]*

19.     Shortly thereafter, on or about March 25, 2020, BRAUSA informed DROGUERIA BETANCES of a United States mandate that disallowed the transfer of face masks from Texas to Puerto Rico.

20.     BRAUSA assured that they could deliver the required face masks from a supplier in China.   Though these face masks were of a lower quality DROGUERIA BETANCES agreed to the delivery of KN95 face masks from China to fulfill both orders. DROGUERIA BETANCES accepted these inferior masks due to the urgency with which they required the face masks.

21.     On March 25, 2020, DROGUERIA BETANCES paid the first half of the Second Order ($337,500.00).  *See wire transfer confirmation attached as Exhibit "D".*

---

[1] The N95 -and KN95- face masks included in the First Order and Second Order may be collectively referred as the "Goods".

22.     Considering the unexpected change to accept face masks delivered from China, BRAUSA was required to deliver both face mask orders to DROGUERIA BETANCES in Puerto Rico one week after the March 25, 2020 deposit.  As such, the orders were to have arrived in Puerto Rico on or before April 1, 2020.

23.     The delivery date of April 1, 2020 came and went and BRAUSA did not deliver the Goods to DROGUERIA BETANCES.

24.     On or about April 15, 2020, based on BRAUSA's continued failure to deliver the Goods, DROGUERIA BETANCES informed BRAUSA that it had decided to cancel the Second Order.

25.     BRAUSA did not object to this cancellation and agreed to return the three hundred and thirty-seven thousand five hundred dollars ($337,500.00) paid by DROGUERIA BETANCES as a deposit of the Second Order of Goods that was now being cancelled based on BRAUSA's failure to comply with the agreed upon delivery date for same.

26.     On April 17, 2020, DROGUERIA BETANCES received fifty thousand (50,000) KN95 masks from China, corresponding to the First Order of face masks procured by BRAUSA.  Although one of the boxes delivered was empty, it was later replaced by BRAUSA.

27.     On April 20, 2020, based on the Parties' agreement, DROGUERIA BETANCES sent their banking information to BRAUSA so that BRAUSA could process a refund to DROGUERIA BETANCES for the deposit of the Second Order of Goods, in the amount of three hundred thirty-seven thousand five hundred dollars ($337,500).

28.     After several requests by DROGUERIA BETANCES to obtain this refund, on April 30, 2020, BRAUSA made a partial payment of sixty thousand dollars ($60,000).

29.     After several additional requests by DROGUERIA BETANCES to obtain the remaining balance of the refund, on May 13, 2020, BRAUSA made a second partial payment of one hundred thousand dollars ($100,000).

30.     At this moment, BRAUSA still owes DROGUERIA BETANCES one hundred and ten thousand dollar ($110,000), which represents the refund amount that is still owed on the Second Order ($177,500.00) minus the unpaid amount on the First Order ($67,500.00).

31.     DROGUERIA BETANCES is entitled to direct and consequential damages for BRAUSA's actions.

32.     Plaintiff has fulfilled and complied with all conditions precedent, if any, prior to bringing this action.

## COUNT I – Breach of Contract

33.    DROGUERIA BETANCES adopts by reference, as if set out fully and completely re-alleged in this Count, paragraphs 1 through 32 above.

34.    As set out in detail above, on March 24, 2020, BRAUSA and DROGUERIA BETANCES entered into a valid contract for the sale and purchase of 250,000 face masks to be delivered by April 1, 2020, to DROGUERIA BETANCES.

35.    DROGUERIA BETANCES performed all its obligations under the contract by submitting payment of $337,500.00 when the order was placed.

36.    BRAUSA materially breached its obligations under the contract with DROGUERIA BETANCES first by failing to deliver the Goods upon the agreed upon delivery date and later by failing to completely reimburse DROGUERIA BETANCES for the deposit on the Second Order of face masks that was cancelled.

37.    BRAUSA's material breach of the contract with DROGUERIA BETANCES proximately caused damages to DROGUERIA BETANCES in the amount of $110,000.00 plus loss of revenue and other provable consequential damages.

WHEREFORE, DROGUERIA BETANCES, LLC respectfully requests this Honorable Court to enter judgment against BRAUSA DENTAL LLC for breach of contract and award damages to Plaintiff in the amount of $110,000.00 plus loss of

revenue, consequential damages, prejudgment interest, attorneys' fees, expenses, and court costs (if applicable), as well as such other relief the Court deems just and proper.

## COUNT II – Fraudulent Misrepresentation

38.     DROGUERIA BETANCES adopts by reference, as if set out fully and completely re-alleged in this Count, paragraphs 1 through 32 above.

39.     Upon knowledge and belief, BRAUSA, by and through its officers, agents, representatives and/or employees, Fabio Luiz Pacheco Jodas and Waleska Alamo, knowingly made false statements of material facts when stating that they would be able to fulfill DROGUERIA BETANCES' order of the Goods within one week of the order and when they stated that they were going to completely reimburse DROGUERIA BETANCES its deposit for the Second Order of face masks in the amount of three hundred and thirty seven thousand five hundred dollars ($337,500.00).

40.     As it was later proved, BRAUSA was unable to complete delivery of DROGUERIA BETANCES' order within the one week that the Parties had agreed to.

41.     After failing to deliver the face masks upon the agreed upon delivery terms, BRAUSA falsely stated to DROGUERIA BETANCES that it would return

the deposit for the Second Order of face masks in the amount of three hundred and thirty-seven thousand five hundred dollars ($337,500.00) in its entirety.

42.     Upon knowledge and belief, BRAUSA, by and through its officers, agents, representatives and/or employees, Fabio Luiz Pacheco Jodas and Waleska Alamo, knowingly made these false statements of material facts to be released from its obligation to fulfill the Second Order and keep a portion of the three hundred and thirty-seven thousand five hundred dollars ($337,500.00) for itself.

43.     DROGUERIA BETANCES, in fact, relied on BRAUSA's fraudulent misrepresentations and agreed to cancel the Second Order.

44.     Had DROGUERIA BETANCES known that BRAUSA did not have the ability to deliver the Goods within one week it would have not ordered any face masks nor remit any funds to BRAUSA.

45.     Had DROGUERIA BETANCES known that BRAUSA was not going to return the deposit to DROGUERIA BETANCES if they could it would not have made any orders nor payments to BRAUSA in the amount of $337,500.00.

46.     As a proximate result of BRAUSA's fraudulent misrepresentations, DROGUERIA BETANCES has suffered direct damages in the amount of $110,000.00 plus loss of revenue and other provable consequential damages.

WHEREFORE, DROGUERIA BETANCES, LLC respectfully requests this Honorable Court to enter judgment against BRAUSA DENTAL LLC for

fraudulent misrepresentation and award damages to Plaintiff in the amount of $110,000.00 plus loss of revenue, consequential damages, prejudgment interest, attorneys' fees, expenses, and court costs (if applicable), as well as such other relief the Court deems just and proper.

## COUNT III – Conversion

47.     DROGUERIA BETANCES adopts by reference, as if set out fully and completely re-alleged in this Count, paragraphs 1 through 32 above.

48.     DROGUERIA BETANCES paid BRAUSA a deposit in the amount of $337,500.00 for the order of 250,000 face masks.

49.     BRAUSA failed to deliver the Goods to DROGUERIA BETANCES upon the agreed upon term.

50.     Because BRAUSA failed to deliver the Goods upon the agreed upon term, DROGUERIA BETANCES decided to cancel the Second Order -250,000 masks- and BRAUSA agreed to return DROGUERIA BETANCES the deposit of three hundred and thirty-seven thousand five hundred dollars ($337,500.00) made for such purchase.

51.     Despite DROGUERIA BETANCES' multiple attempts, BRAUSA has failed to fully reimburse DROGUERIA BETANCES its funds and has now explicitly stated its intention not to do so by claiming that they have suffered, what upon information and belief are, inexistent and factually unsupported damages.

11

52.     DROGUERIA BETANCES is the owner of the funds deposited with BRAUSA, BRAUSA has wrongfully asserted dominion over said funds, and BRAUSA has permanently deprived DROGUERIA BETANCES of the use of those funds.

53.     As a proximate result thereof, DROGUERIA BETANCES has suffered direct damages in the amount of $110,000.00 plus provable consequential damages.

WHEREFORE, DROGUERIA BETANCES, LLC respectfully requests this Honorable Court to enter judgment against BRAUSA DENTAL LLC for conversion and award damages to Plaintiff in the amount of $110,000.00 plus consequential damages, prejudgment interest, attorneys' fees, expenses, and court costs (if applicable), as well as such other relief the Court deems just and proper.

## COUNT IV – In the alternative, Unjust Enrichment

54.     DROGUERIA BETANCES adopts by reference, as if set out fully and completely re-alleged in this Count, paragraphs 1 through 32 above.

55.     DROGUERIA BETANCES has conferred a benefit on BRAUSA, by providing BRAUSA with $110,000.00, and BRAUSA has knowledge thereof.

56.     BRAUSA voluntarily accepted and retained the benefit conferred by DROGUERIA BETANCES.

57.     The circumstances are such that it would be inequitable for BRAUSA to retain the benefit without paying value thereof to DROGUERIA BETANCES.

58.     As a proximate result thereof, DROGUERIA BETANCES has suffered direct damages in the amount of $110,000.00 plus provable consequential damages.

WHEREFORE, DROGUERIA BETANCES, LLC respectfully requests this Honorable Court to enter judgment against BRAUSA DENTAL LLC for unjust enrichment and award damages to Plaintiff in the amount of $110,000.00 plus consequential damages, prejudgment interest, attorneys' fees, expenses, and court costs (if applicable), as well as such other relief the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

[INTENTIONALLY LEFT BLANK; SIGNATURE BLOCK FOLLOWS]

RESPECTFULLY SUBMITTED, on this 26th day of February 2021.

**DMRA Law LLC**
*Attorneys for Plaintiff*
1111 Brickell Avenue, Ste. 1550
Miami, FL 33131
Telephone: 305-548-8666
Facsimile: 786-513-7998
Email: juan.ramos@dmralaw.com
Email: maria.dominguez@dmralaw.com
Email: manuel.franco@dmralaw.com

By:       */s/Juan C. Ramos-Rosado*
          **Juan C. Ramos-Rosado, Esq.**
          Florida Bar No. 1002562

By:       */s/Maria A. Dominguez*
          **Maria A. Dominguez, Esq.**
          Florida Bar No. 510221

By:       */s/Manuel A. Franco*
          **Manuel A. Franco, Esq.**
          Florida Bar No. 126443